UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

    - v. -

ALEKSANDR BURMAN,
    a/k/a "Alexander Burman,"

                    Defendant.

- - - - - - - - - - - - - - x

STIPULATION AND ORDER

16 CR. 190 (PGG)

WHEREAS, on or about March 8, 2016, ALEKSANDR BURMAN, a/k/a "Alexander Burman, (the "Defendant") was charged in a three-count Information, 16 Cr. 190 (PGG) (the "Information"), with conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); health care fraud, in violation of Title 18, United States Code, Sections 1347 and 2 (Count Two); and committing a felony while released under Chapter 207 of Title 18, United States Code, Section 3147 (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information seeking, pursuant to Title 18, United States Code, Section 982(a)(7), forfeiture of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in

1

Counts One and Two of the Information, including but not limited to a sum of United States currency representing the amount of proceeds obtained as a result of the offenses charged in Counts One and Two of the Information;

WHEREAS, on or about March 18, 2016, the defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 982(a)(7), a sum of money equal to $16,686,811 in United States currency, representing proceeds traceable to the health care fraud scheme charged in Counts One and Two of the Information;

WHEREAS, on or about May 19, 2017, the Court entered an Amended Consent Preliminary Order of Forfeiture (the "Forfeiture Order") imposing a money judgment in the amount of $16,686,811 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information (the "Money Judgment"), and forfeiting to the Government, among other real property, the following real property:

> a. all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures,

attachments and easements, located at 6365 Collins Avenue, Unit 1509, Miami Beach, FL 33141 owned by XS Management, Inc. (the "Subject Property");

WHEREAS, pursuant to the terms of the Forfeiture Order the defendant, his wife Marina Burman, and his son Aleksandr Burman, consented to the forfeiture of the Subject Property;

WHEREAS, the Subject Property's condominium association Akoya Condominium Association, Inc. (the "Akoya") asserted to the Government that it held an interest in the Subject Property, including but not limited to a sum of money in the amount of $15,054.49, which Akoya asserts includes the total monthly maintenance fees from September 1, 2017 to December 31, 2019, inclusive of interest, late fees, legal fees, and administrative fees owed to the Akoya, current to December 31, 2019 (collectively, the "Fees Owed");

WHEREAS, the Government and Akoya seek to resolve Akoya's claim to the Subject Property on the terms and conditions set forth below.

IT IS HEREBY STIPULATED and AGREED by and between the plaintiff, United States of America (the "United States"), by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney David Raymond Lewis, of counsel, and Akoya, Candace C. Solis, Esq., counsel to Akoya, that:

1. At such time as the Subject Property is sold pursuant to a Final Order of Forfeiture in this criminal matter forfeiting the Subject Property to the United States, the United States shall forward payment to Akoya from the net proceeds from the sale of the Subject Property, in the amount of the Fees Owed to Akoya, and any other amounts legally owed to Akoya in connection with the Subject Property that come due between November 1, 2019 and the date of entry of the Final Order of Forfeiture, to the extent not already paid in connection with the sale pursuant to paragraph 4 below.

2. Following the entry of a Final Order of Forfeiture, the United States shall pay all monthly maintenance fees legally owed to Akoya in connection with the Subject Property that come due after entry of the Final Order of Forfeiture, until such time as the property is sold. Akoya retains its state-court remedies for collection of Fees Owed and any other amounts legally owed to Akoya following entry of the Final Order of Forfeiture.

3. All recorded liens shall be paid according to state law.

4. The net proceeds from the sale of the Subject Property will include all moneys realized from the sale of the Subject Property, except for the following:

4

    a.    All costs incurred by the United States Marshals Service in connection with the maintenance, repair, marketing, and sale of the Subject Property, including attorney fees;

    b.    Real estate commissions, if any;

    c.    Any amounts due on valid liens on the Subject Property

    d.    Any real estate, property, transfer, association or other taxes which are due and owing;

    e.    Insurance costs, if any;

    f.    Escrow fees;

    g.    Document recording fees not paid by the buyer;

    h.    Title fees;

    i.    County transfer fees; and

    j.    Any other reasonable closing costs, if any, with respect to the sale of the Subject Property;

5.    In furtherance of such a sale, the Parties agree that they will comply with association application procedures set forth in the condominium governing documents. Any sale of the Subject Property as described above shall not affect the covenants and restrictions running with the land and which shall continue to bind the Subject Property after the sale.

6.    Upon entry of this Stipulation and Order, Akoya agrees to not contest or file any claims of interest in the

ancillary proceeding in this criminal action or any civil forfeiture action contesting the forfeiture of the Subject Property to the Government, and consents to the entry of a Final Order of Forfeiture as to the Subject Property.

7. The terms of this Stipulation and Order shall be subject to approval by the Court. Violation of any terms or conditions herein shall be construed as a violation of an order of the Court.

8. This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

9. Akoya hereby agrees to waive all rights to appeal or otherwise contest the validity of this Stipulation and Order.

10. Each party signing this Stipulation and Order warrants that they are authorized to sign this Stipulation and Order on behalf of the party for whom their signature appears.

11. Each party to this Stipulation shall bear its own costs and attorney's fees, except as set forth herein.

12.  This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

BY: _____          December 5, 2019
DAVID RAYMOND LEWIS                          DATE
Assistant United States Attorney
One Saint Andrew's Plaza
New York, New York 10007
(212) 637-2397

AKOYA CONDOMINIUM ASSOCIATION, INC.,

By: _____           12/6/19
CANDACE C. SOLIS, ESQ.                       DATE
Counsel for Akoya Condominium
Association, Inc.,
Becker & Poliakoff, P.A.
1 East Broward Blvd, Suite 1700
Ft. Lauderdale, FL 33301

SO ORDERED:

_____               Dec. 10, 2019
PAUL G. GARDEPHE                             DATE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : **FINAL ORDER OF FORFEITURE**

-v.- : 16 Cr. 190 (PGG)

ALEKSANDR BURMAN,
  a/k/a "Alexander Burman,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        WHEREAS, on or about May 19, 2017, the Court entered an Amended Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 48), which ordered the forfeiture to the United States of all right, title and interest of ALEKSANDR BURMAN, a/k/a "Alexander Burman," (the "Defendant") in, among other things, the following property:

    i.    all that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 6365 Collins Avenue, Unit 1509, Miami Beach, FL 33141 owned by XS Management, Inc. (the "Subject Property");

        WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on August 2, 2017 for thirty (30) consecutive days, through August 31, 2017, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on June 17, 2019 (D.E. 58);

WHEREAS, the titled owner of the Subject Property is XS Management, Inc.;

WHEREAS, XS Management, Inc., is jointly owned by the Defendant's ex-wife, Marina Burman, and the Defendant's son, Aleksandr Burman, Jr.;

WHEREAS, pursuant to the terms of the Preliminary Order of Forfeiture, Marina Burman, individually and on behalf of XS Management, Inc., consented to the forfeiture of the Subject Property;

WHEREAS, the Subject Property's condominium association Akoya Condominium Association, Inc. (the "Akoya") asserted to the Government that it held an interest in the Subject Property, including but not limited to a sum of money in the amount of $15,054.49, which Akoya asserts includes the total monthly maintenance fees from September 1, 2017 to December 31, 2019, inclusive of interest, late fees, legal fees, and administrative fees owed to the Akoya, current to December 31, 2019 (collectively, the "Fees Owed");

WHEREAS, the Government and Akoya seek to resolve Akoya's claim by the Stipulation and Order submitted to the Court on December 6, 2019;

WHEREAS, pursuant to the terms of the Preliminary Order of Forfeiture, Aleksandr Burman, Jr., individually and on behalf of XS Management, Inc., consented to the forfeiture of the Specific Property;

WHEREAS, the Defendant, the Defendant's ex-wife, Marina Burman, and the Defendant's son Aleksandr Burman, Jr. are the only persons and/or entities known by the Government to have a potential interest in the Subject Property;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Subject Property have been filed;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Subject Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Subject Property.

3. The United States Marshals Service (or its designee) shall take possession of the Subject Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4.  The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
       December 10, 2019

SO ORDERED:

_____
PAUL G. GARDEPHE
United States District Judge